| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER<br><br>Court Address: Denver City & County Building<br>　　　　　　　　1437 Bannock Street<br>　　　　　　　　Denver, Colorado 80202 | DATE FILED: April 14, 2020 9:14 AM<br>FILING ID: 5B25E7C7497A3<br>CASE NUMBER: 2020CV31346 |
| Plaintiff:　Jennifer Fragale,<br><br>v.<br><br>Defendant: State Farm Mutual Automobile Insurance Company | ▲COURT USE ONLY▲ |
| Counsel for Plaintiff<br>Matthew E. Bennett, Reg. No. 52705<br>DezaRae D. LaCrue, Reg. No. 40290<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, Colorado 80014<br>Telephone: (303)757-3300<br>Facsimile: (303)757-3206<br>E-Mail: bennettma@fdazar.com<br>E-Mail: lacrued@fdazar.com | Case Number:<br><br>Division/Ctrm: |
| **COMPLAINT FOR DAMAGES AND JURY DEMAND** | |

　　　　Plaintiff Jennifer Fragale, by and through her attorneys, Franklin D. Azar and Associates, P.C., and for her Complaint against Defendant, states and alleges as follows:

### GENERAL ALLEGATIONS

1.　Plaintiff, Jennifer Fragale, is an individual and resident of the State of Colorado.

2.　Defendant State Farm Mutual Automobile Insurance Company (hereafter, "State Farm") is a corporation doing business in the State of Colorado.

3.　Venue is proper in this action pursuant to C.R.C.P. 98.

4.　This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

5.　On or about September 26, 2019, Ms. Fragale was hit by Fernando Garcia, a motorist who was hit by an underinsured motorist, Brandon T. Sanders.

EXHIBIT A

6. Mr. Sanders's failure to stop for stopped traffic caused the collision of Mr. Garcia's vehicle into Ms. Fragale's vehicle.

7. Ms. Fragale was stopped in traffic in lane one on eastbound Interstate-70 at Interstate-70's intersection with 40th Avenue.

8. Mr. Garcia was stopped in traffic immediately behind Ms. Fragale's vehicle in the same lane.

9. Mr. Sanders failed to slow or stop his vehicle in response to stopped traffic and struck the rear of Mr. Garcia's vehicle, which in turn struck the rear of Mr. Fragale's vehicle.

10. No other person besides Mr. Sanders was responsible for the collision.

11. Ms. Fragale suffered injuries because of the collision.

12. Mr. Sanders was underinsured when the collision occurred.

13. Ms. Fragale was not negligent on the occasion in question.

14. No third party caused or contributed to the cause of the crash and/or Ms. Fragale's injuries, damages, and losses.

15. Ms. Fragale submitted her claim to State Farm in a timely manner.

16. Ms. Fragale has cooperated with State Farm's investigation of his claim.

17. State Farm has failed to reasonably investigate Ms. Fragale's claim.

18. State Farm has failed to properly evaluate Ms. Fragale's noneconomic and physical impairment.

19. Ms. Fragale has complied with the conditions in her contract with State Farm.

20. Ms. Fragale has supplied medical authorizations to State Farm.

21. Ms. Fragale has supplied all her medical records and bills for his treatment related to this crash.

22. Ms. Fragale requested a payment of her benefits from State Farm.

23. State Farm did not respond to this request.

24. State Farm has not requested that Ms. Fragale undergo an IME.

EXHIBIT A

25. State Farm has not consulted any medical expert for an opinion regarding Ms. Fragale's injuries.

26. State Farm does not dispute Ms. Fragale was injured in the collision.

27. State Farm does not dispute the nature and extent of Ms. Fragale's injuries.

28. If State Farm disputes Ms. Fragale's injuries, it has failed to make Ms. Fragale aware of this dispute. This failure to tell Ms. Fragale about the dispute violates Colorado law and insurance regulations.

29. State Farm has failed to make a reasonable offer to Ms. Fragale for her underinsured motorist benefits.

30. State Farm's incomplete investigation has resulted in the delayed payment of underinsured motorist benefits to Ms. Fragale.

31. State Farm's failures in Ms. Fragale's case do not meet the standard set forth in State Farm's own claim handling manual.

32. State Farm has failed to comply with Colorado's Unfair Claims Settlement Practices Act.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT-UIM BENEFITS)

33. Plaintiff incorporates all prior allegations as though fully set forth herein.

34. Sometime prior to the auto collision, Plaintiff entered a contract with Defendant State Farm for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving underinsured motorists.

35. Plaintiff has advised Defendant State Farm of a claim for underinsured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant State Farm in connection with the claim.

36. Plaintiff is an intended beneficiary of Defendant State Farm insurance policy/contract and is therefore entitled to enforce its terms.

37. Plaintiff is entitled to be compensated by Defendant State Farm for all damages he has incurred, including significant medical bills and other expenses, pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency, physical impairment, and disability under the under-insured motorist coverage of the policy.

## SECOND CLAIM FOR RELIEF
### (FIRST PARTY STATUTORY CLAIM UNDER C.R.S. § 10-3-1116)

38. Plaintiff incorporates all prior allegations as though fully set forth herein.

39. Defendant State Farm has denied and delayed payment of underinsured motorist benefits to Plaintiff without a reasonable basis for its action.

40. Defendant State Farm's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to her and which Defendant should have previously paid to her.

41. In accordance with C.R.S. §10-3-1116, Plaintiff is entitled to recover from Defendant State Farm two times the covered underinsured motorist benefits plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF
### (BAD FAITH)

42. Plaintiff incorporates all prior allegations as though fully set forth herein.

43. Defendant State Farm owed Plaintiff a duty to act in good faith in reviewing, adjusting and settling her claims.

44. Defendant State Farm breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

    a. Compelling this Plaintiff to institute litigation to recover amounts due him under the underinsured motorist bodily injury liability benefits afforded Plaintiff under the insurance policy;

    b. Favoring the interests of State Farm, an insurer, over those of Plaintiff, an insured, to whom Defendant State Farm owes fiduciary and statutory duties;

    c. Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an uninsured motorist;

    d. Failing to investigate Plaintiff's medical expenses and lost wages or earning capacity;

    e. Failing to consider the full amount of Plaintiff's medical bills; and

    f. Incompetently evaluating Plaintiff's claim.

56. Defendant State Farm actions were unreasonable.

EXHIBIT A

57. Defendant State Farm knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

58. As a direct result of Defendant State Farm breaches of its duties to its insured, Plaintiff has been damaged including, but not necessarily limited to:

    a. Being forced to incur additional costs in litigation;

    b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with defendant; and

    c. Being deprived of the use of funds that would otherwise be used for such things as medical treatment and for lost wage coverage which should have been paid by now.

WHEREFORE, Plaintiff prays for judgment against Defendant for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

PLAINTIFF REQUESTS A JURY OF SIX.

Respectfully, submitted this 14th day of April, 2020.

> FRANKLIN D. AZAR & ASSOCIATES, P.C.
> By: */s/ Matthew E. Bennett*
> Matthew E. Bennett. Reg. No. 52705
> DezaRae D. LaCrue , Reg. No. 40290
> Counsel for Plaintiff

**Plaintiff's Address:**
**1213 4th Street**
**Fort Lupton, Colorado 80621**

EXHIBIT A